UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRACEY CANSLER** : | Civil Action No. 13-4655 (PGS) |
| **Plaintiff,** : | |
| v. : | REPORT AND RECOMMENDATION |
| **INDYMAC BANK, ONE WEST BANK, FSB** : | |
| **Defendants.** : | |

This matter comes before the Court sua sponte based on the failure of Plaintiff Tracey Cansler to prosecute her case. For the reasons that follow, it is respectfully recommended that Plaintiff's Complaint be dismissed without prejudice

**I.**

On August 2, 2013, Plaintiff Tracey Cansler ("Plaintiff") filed a Complaint against Defendants Indymac Bank and One West Bank, FSB ("Defendants"), asserting, inter alia, a Quiet Title Action under Rule 4:62 [dkt. no. 1]. Plaintiff's Complaint, however, was not signed, and the Court issued an Order directing Plaintiff to submit a signed copy of the Complaint [dkt. no. 4]. On September 24, 2013, Plaintiff filed a signed Complaint pursuant to the Court's Order [dkt. no. 5]. To date, the Court has not received proof that any of the Defendants were timely served with the Complaint.

**II.**

"A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." Iseley v. Bitner, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing Link v. Wabash R. Co., 370 U.S. 626,

630-31 (1962)). This authority has been further codified in Local Civil Rule 41.1(a), which provides:

> (a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party. . . .

Ordinarily, in deciding whether to impose an involuntary dismissal, the Court employs a six-factor balancing test. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).[1] However, where the dismissal is without prejudice, as is recommended below, the Court need not weigh the Poulis factors. Choi v. Kim, 258 F. App'x 413, 416-17, n.5 (3d Cir. 2007) (dismissal without prejudice does not operate as an adjudication on the merits).

### III.

In this case, Plaintiff filed her Complaint more than five months ago. Since that time, Plaintiff has not filed proof of service as to any Defendant. As a result, the Court recommends the action be dismissed *without* prejudice. Plaintiff is entitled to submit proof of timely service and move to have her action reinstated.

### IV.

The Court having considered this matter sua sponte, and for the reasons stated herein,

**IT IS** on this 20th day of February, 2014,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT**

---

[1] The factors identified in Poulis are: (1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense. Id. at 868.

**PREJUDICE** pursuant to FED.R.CIV.P. 41(b) and Local Civil Rule 41.1(a).

The Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
